UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, INC.,
SONY BMG MUSIC ENTERTAINMENT,
UMG RECORDINGS, INC., and
WARNER MUSIC GROUP CORP.,

          Plaintiffs,

v.

FREE PEERS, INC., VINCENT FALCO,
LOUIS TATTA, iMESH, INC., and
MUSICLAB, LLC

          Defendants.

Civil Action No.:
06-CV-3378 (SAS)

**STIPULATION AND
[PROPOSED] JUDGMENT
AND PERMANENT
INJUNCTION**

RECEIVED
CHAMBERS OF
MAY - 4 2006
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-5-06

        Defendants Free Peers, Inc., Vincent Falco, and Louis Tatta (collectively, the "BearShare Parties") and iMesh, Inc. and Musiclab, LLC (collectively, "iMesh"), and Plaintiffs, by and through their undersigned counsel, hereby stipulate to the entry of Judgment and a Permanent Injunction according to the following terms. (The BearShare Parties and iMesh are collectively referred to as "Defendants.") For purposes of this Stipulation, and the Judgment and Permanent Injunction, the term "BearShare System and Software" means the software heretofore distributed under the name "BearShare" (the "BearShare Software"), the computer servers operated by the BearShare Parties, and other activities in which the BearShare Parties engaged, including operating the "bearshare.com" "bearshare.net," and "bearshare.org" websites, to allow users of the BearShare Software to connect to and use computer networks to reproduce and distribute digital files utilizing technology known as "Gnutella."

        1.    Defendants acknowledge that they have been properly and validly served with the Summons and Complaint in this action.

1

2. Judgment shall be entered against the Defendants and in favor of Plaintiffs in the above-captioned case.

3. The BearShare Parties, and each of them jointly and severally, shall be ordered to pay thirty million dollars ($30,000,000) in damages to Plaintiffs.

4. Defendants, their respective agents, servants, employees, representatives, parents, subsidiaries, affiliates, shareholders, officers, principals, successors, assigns, licensees, transferees (including but not limited to any purchasers, assigns, licensees, or transferees of any software or file-trading technology owned or controlled by the Defendants), and all those acting in concert with them, at their direction or within their control:

> a) shall be permanently enjoined and restrained from directly, indirectly, contributorily, or vicariously infringing in any manner any copyright in any and all sound recordings and other copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or protected by state or common law (the "Copyrighted Works"), including but not limited to by engaging in any of the following:
>
> > 1) directly or indirectly copying, reproducing, downloading, distributing (which hereinafter shall include, without limitation, making a work available for distribution by placing the work in a computer file or folder that is accessible by others for downloading), uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Copyrighted Works; and

2

2) directly or indirectly enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing any person or entity ("User"), via the BearShare System and Software or any other peer-to-peer or file-trading network, or other network, service, or medium, (A) to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of the Copyrighted Works, or (B) to make any of the Copyrighted Works available for copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance;

b) shall be permanently enjoined and restrained from directly or indirectly operating, or assisting in or supporting the operation of, any computer server or website, or distributing any software, in any way related to the BearShare System and Software, or any other peer-to-peer or file-trading network, or other network, service, or medium that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, public performance, or other exploitation of any of the Copyrighted Works;

c) shall disable and prevent Users of any website, server, hardware, software, or any other system or service owned, controlled, operated, or distributed by the Defendants, presently or in the future, including without limitation the BearShare System and Software, from copying, downloading, distributing, uploading, linking to, transmitting, or publicly performing any Copyrighted Work;

d) shall affirmatively monitor and patrol for, and preclude access to, the Copyrighted Works on, over, through, or via the BearShare System and

Software, including without limitation by employing technological tools and measures to carry out such obligations; and

e) shall be permanently enjoined and restrained from directly or indirectly releasing publicly, distributing, transferring, or giving away, for consideration or otherwise, any software, source code, object code, other technology, domain names, trademarks, brands, assets, or goodwill in any way related to the BearShare System and Software, including but not limited to by posting such materials on an Internet web page or by offering such materials over any peer-to-peer or file-trading network, or other network, service, or medium, except in compliance with paragraph 6 below.

5. This injunction shall not apply to any uses of the Copyrighted Works for which a Defendant has obtained a written license from the appropriate United States record company that owns or controls the rights to such work, to the extent the license remains in force and valid.

6. If the Defendants sell, lease, convey, transfer, or assign all or any significant part of the business, equity, operations, or assets of Free Peers, Inc., iMesh, Inc., Musiclab, LLC, or the BearShare System and Software (collectively, a "Transfer"), they will require, as a condition of any such transaction, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) submit to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient, (b) agree to be bound by the injunctive terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against the Defendants. The Defendants shall not permit any Transfer to close unless and until the Court has entered such an order as to the Transferee.

4

7. The Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent Injunction will expose the Defendants to all penalties provided by law, including for contempt of Court.

8. The Defendants agree forthwith to give notice of this Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them.

9. The Defendants consent to continuing jurisdiction of the Court for purposes of enforcement of the Judgment and Permanent Injunction, and irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.

10. The Defendants irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by the Defendants of Plaintiffs' Copyrighted Works occurring after the date Defendants execute this Stipulation and [Proposed] Judgment and Permanent Injunction.

12. The Complaint is amended to add as party defendants iMesh, Inc. and Musiclab, LLC, which individually or collectively have acquired, including through irrevocable licenses, substantially all of the assets and rights of Free Peers, Inc., including without limitation

any and all rights to the "BearShare" name and the hardware, software and other technology and intellectual property that comprise the BearShare System and Software. For all purposes herein, iMesh, Inc. and Musiclab, LLC shall be bound by this Stipulation and [Proposed] Judgment And Permanent Injunction entered by the Court, and all references to "Defendants" herein shall include iMesh, Inc. and Musiclab, LLC.

13. The Defendants acknowledge that they have read this Stipulation and [Proposed] Judgment and Permanent Injunction and have had it explained by counsel of their choosing, and fully understand it and agree to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

14. Plaintiffs shall not be required to post any bond or security, and the Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

15. The undersigned counsel represent that they have been authorized to execute this Stipulation and [Proposed] Judgment and Permanent Injunction on behalf of their respective clients.

16. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

DATED: May 4, 2006

_____
Steven B. Fabrizio (SF-8639)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
(202) 639-6000

*On Behalf of Plaintiffs*

_____
Mark B. Stein
Lott & Friedland, P.A.
355 Alhambra Circle
Suite 110
Coral Gables, FL 33134
(305) 448-7089

*On Behalf of Defendants Free Peers, Inc., Vincent Falco, and Louis Tatta*

_____
Jeffrey A. Kimmel (JK-0584)
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3578

*On Behalf of Defendants iMesh, Inc. and Musiclab, LLC*

16. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

DATED: May 4, 2006

Steven B. Fabrizio (SF-8639)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
(202) 639-6000

*On Behalf of Plaintiffs*

Mark E. Stein
Lott & Friedland, P.A.
355 Alhambra Circle
Suite 110
Coral Gables, FL 33134
(305) 448-7089

*On Behalf of Defendants Free Peers, Inc., Vincent Falco, and Louis Tatta*

Jeffrey A. Kimmel (JK-0584)
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3578

*On Behalf of Defendants iMesh, Inc. and Musiclab, LLC*

7

## JUDGMENT AND PERMANENT INJUNCTION

Having duly considered the Stipulation of the Parties, and the proceedings in this Action, the Court orders that the Judgment and Permanent Injunction above shall be entered as the final judgment of this Court.

SO ORDERED, this __4__ day of __May__, 2006.

_____
United States District Judge

8